UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOE BALTAS, INMATE NO. 339650, PLAINTIFF; AND, | : | CIVIL ACTION NO. |
| | : | |
| JASON GOODE, INMATE NO. 228240 PLAINTIFF; AND, | : | 3:17CV00242(RNC) |
| | : | |
| DEREK STOCKWELL, INMATE NO. 284559, PLAINTIFF; AND, | : | |
| THOMAS DELEO, INMATE NO. 296697, PLAINTIFF; AND, | : | |
| KENYON L. JOSEPH PELLOT-CASTELLANO, INMATE NO. 207827, PLAINTIFF:; AND, | : : | |
| RICHARD RICE, INMATE NO. 137358, AND, PLAINTIFF; | : : | |
| YARDLEY DAVIS, INMATE NO. 309585, AND, PLAINTIFF; | : : | |
| PHILIP RIVERA, INMATE NO. 333029, AND, PLAINTIFF; | : : | |
| NOAH GLADDING, INMATE NO. 257684, AND, PLAINTIFF; | : : | |
| PETER TARASCO, INMATE NO. 349079, PLAINTIFF; | : : | |
| AND JOSE ORTIZ, INMATE NO. 409429. LAST NAMED PLAINTIFF. | : : | |
| VS. | : | |
| WARDEN CAROL CHAPDELAINE, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY, DEFENDANT; | : : : | |
| AND | | |
| DEPUTY WARDEN GIULIANNA MUDANO, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY, DEFENDANT. | : : : | A JURY TRIAL IS HEREBY DEMANDED. |

1.

AND                                              :

DISTRICT ADMINISTRATOR ANGEL QUIROS,:
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY, THE LAST DEFENDANT.     :     A JURY TRIAL IS HEREBY DEMANDED.

FIRST AMENDED COMPLAINT JOINING A PARTY PLAINTIFF AND PARTY DEFENDANT

A. INTRODUCTION

1. This is a civil action filed by all named Plaintiffs above, who are inmates currently in the custody and control of the Connecticut Commissioner of Correction and housed in Connecticut Correctional Institutions who have been forced to experience severe deprivations of their state and federal constitutional rights. While incarcerated at the MacDougal Correctional Institution, each Plaintiff filed and exhausted the state grievance process pursuant to the Prisoner Reform Legislation in their efforts to resolve issues pertaining to the Warden's creation of a so-called ticket block called "Q Pod", which is unconstitutional primarily because this block is a general population unit, but for this warden's operation of Q Pod as an unregulated, un-sanctioned Administrative Segregation Restrictive Housing Unit. The current operation of Q Pod violates the Department of Corrections Administrative Directives which limits the time inmates can be placed in confinement to quarters to only fifteen days. The Defendants have placed all of these Plaintiffs in said confinement to quarters for very, very lengthy periods of time up to a year or longer and have maintained Plaintiffs in such housing longer than they were even suppose to be there in an arbitrary and capricious way. When the Plaintiffs filed grievances to correct this unconstitutional operation of Q Pod, the Warden and Deputy Wardens, named and unnamed, proceeded to hinder the grievance process by stating the inmate grievances were compromised and their concerns will be addressed whenever the Department ment of Correction decided to deal with the issue, while Plaintiffs continued to endure said

2.

unconstitutional application of this Q Block to the inmates. District Administrator Quiros supervised the grievance process, and ignored the severe constitutional rights being violated failing to hinder or stop the illegal operation of the Q Pod. By operating Q Pod like an Administrative Segregation Restrictive Housing Unit, all Plaintiffs were or are subjected to the same deprivations as if they were placed in Administrative Segregation. These deprivations occur with no notice, no hearing, no justification, no review and or ability of the Plaintiffs to appeal. It is more restrictive punishment forced upon these inmates for an undefined and also indefinite period of time. It is cruel and unusual in that in almost all instances, the inmates were placed in this status for over a year and once finally finished with the status requirements were then forced to repeat the Q Pod dilemma time and time again, with no hope of ever being free from the whims of the defendants. (This is called the green mile by the inmates and staff alike). This use of Q Pod by the Defendants, whereby the Defendants have created their own type of special punishment for the Plaintiffs, and thus also created an off the books type of Administrative Segregation, has also worked a significant hardship when compared to the ordinary incidents of prison life experienced by the rest of the general population. The use of Q Pod by the Defendants has forced upon the Plaintiffs the following greater deprivations not experienced by other inmates:

     a. Greater Isolation of Inmates;

     b. Absence of Organized and Meaningful Activity;

     c. Lack of Social and Recreational Activity;

     d. Lack of Job Assignments;

     e. Lack of Vocational Training;

     f. Lack of Classroom Instruction;

     g. Lack of Court Ordered: Drug and Alcohol Counseling;

3.

    h. Lack of Group Meals;

    i. Lack of Group Exercise-Use of Gym;

    j. Lack or limitations of Access to the Library;

    k. Lack of Access to Meaningful Medical Care and Treatment;

    l. Lack of Access to the Unit Television;

    m. Lack of Access to Toilet by the use of Timing Devices to further punish;

    n. Lack of Access to Recreation, or if allowed, Severely Limited Access;

    0. Lack of Access to Religious Services, or if allowed, Severely Limited or Restricted.

    P. Lack of Complete Access to ADA Accommodations in showers and cells.

Plaintiffs all allege, jointly and severally, a violation of the following: Their

First and Fourteenth Amendment Rights, and 42 U.S.C. Sections 1983 and 1988;

Fourth and Fourteenth Amendment Rights, and 42 U.S.C. Sections 1983 and 1988;

Fifth and Fourteenth Amendment Rights, and 42 U.S.C. Sections 1983 and 1988;

Eighth and Fourteenth Amendment Rights, and 42 U.S.C. Sections 1983 and 1988;

Plaintiffs also seek Equitable Relief, requesting an order of the Court ceasing the

operation of Q Pod now and in the future, based upon the likelihood of the repetition

of these constitutional right violations- many of which are still on-going.

Plaintiffs also allege a violation of the State of Connecticut Constitution which

prohibits the unlawful segregation of people, including inmates, as is done here, and

Connecticut General Statute Sections, 52-571(b) and 52-572h (2) as pendent state claims.

B. JURISDICTION

2. This is a Civil Action seeking both damages and equitable relief. All Plaintiffs allege

jurisdiction pursuant to 28 U.S.C. Sections 1331, 1343, and 42 U.S.C. Sections 1983 and

4.

1988; Plaintiffs also allege violations of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and also alleges a violation of the Comparable State of Connecticut provisions including Article One, Sections Three, Five, Seven, Ten, Fourteen, and Twenty; They also allege a violation of C.G.S. Sections 52-571(b) and 52-572h(2).

C. PARTIES

3. The first named Plaintiff, Joe Baltas, is an inmate incarcerated in a Connecticut Institution, and is a citizen of the State of Connecticut and of the United States of America.

4. The second named Plaintiff, Jason Goode, is an inmate incarcerated in a Connecticut Institution, and is a citizen of the State of Connecticut and of the United States of America.

5. The third named Plaintiff, Derek Stockwell, is an inmate incarcerated in a Connecticut Institution, and is a citizen of the State of Connecticut and of the United States of America.

6. The fourth named Plaintiff, Thomas DeLeo, is an inmate recently incarcerated in a Connecticut Institution, and is a citizen of the State of Connecticut and of the United States of American; He was just released to a half-way house.

7. The fifth named Plaintiff, Kenyon L. Joseph Pellot-Castellano, is an inmate incarcerated in a Connecticut Institution, and is a citizen of the State of Connecticut and of the United States of American.

8. The sixth named Plaintiff, Richard Rice, is an inmate incarcerated in a Connecticut Institution, and is a citizen of the State of Connecticut and of the United States of America.

9. The seventh named Plaintiff, Yardley Davis, is an inmate incarcerated in a Connecticut Institution, and is a citizen of the State of Connecticut and of the United States of America.

10. The eighth named Plaintiff, Philip Rivera, is an inmate incarcerated in a Connecticut

5.

Institution, and is a citizen of the State of Connecticut and of the United States of America.

11. The ninth named Plaintiff, Noah Gladding, is an inmate incarcerated in a Connecticut Institution, and is a citizen of the State of Connecticut and of the United States of America.

12. The tenth named Plaintiff, Peter Tarasco, is an inmate incarcerated in a Connecticut Institution, and is a citizen of the State of Connecticut and of the United States of America.

13. The eleventh named Plaintiff, Jose L. Ortiz, is an inmate incarcerated in a Connecticut Institution, and is a citizen of the State of Connecticut and of the United States of America.

14. The first named Defendant, Carol Chapdelaine, is or was a Correctional Warden employed by the Connecticut Department of Correction, and as such, was a supervisor of the MacDougal Correctional Institution as the Warden; she is sued in her individual and official capacities, and all allegations are made against this Defendant claiming she was and is acting under color of law and under color of her authority as a correctional official employed by the State of Connecticut.

15. The second named Defendant, Giulianna Mudano, is or was a Correctional Deputy Warden employed by the Connecticut Department of Correction, and as such was a supervisor of the MacDougal Correctional Institution as the Deputy Warden; she is sued in her individual and official capacities, and all allegations are made against this Defendant claiming she was and is acting under color of law and under color of her authority as a correctional official employed by the State of Connecticut.

16. The third named Defendant, Angel Quiros, is or was a Correctional District Administrator employed by the Connecticut Department of Correction, and as such was a supervisor of both the MacDougal-Walker Correctional Institutions, and a Supervisor of the first and second named Defendants; he is sued in his individual and official capacities, and all allegations are made claiming he was and is acting under color of law and under color of his authority as a

6.

correctional official employed by the State of Connecticut.

D. FIRST CAUSE OF ACTION: 42 U.S.C. SECTIONS 1983, 1988 AND THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

17. At various dates and times up through and including today, the Plaintiffs were inmates being held in the custody and care of the State of Connecticut Department of Corrections; Also, if released to a half-way house, said inmate(s) is/are still under the jurisdiction of the DOC.

18. All the named Plaintiffs were incarcerated at the MacDougal Correctional Institution, and at some point after committing an alleged jail infraction, was placed in a designated block called "Q Pod", which is a status also known as "confined to quarters", or the "ticket block", in the mile or the sector two location of that facility.

19. The Inmate Handbook for MacDougal Correctional Institution states under section 8 entitled "Disciplinary Action", section G, that if the inmate receives the penalty "Confinement to Quarters", that he then is re-classified to an unassigned status and sent directly to "Q Pod"; It further states: that for a Class A Disciplinary Report, the inmate shall receive 90 days, and for a Class B Disciplinary Report, the inmate shall receive 60 days, and can be kept in "Q Pod" subject to bed availability for a lengthier period of time.

20. The Department of Correction Code of Penal Discipline, Directive 9.5, Section C states: "An inmate SHALL only be placed on CTQ (Confinement to Quarters) for a maximum of 15 (fifteen) days; It also states he can be kept for up to fifteen consecutive days.

21. All the named Plaintiffs have been sent to "Q Pod" and have experienced the same issues.

22. All inmates have been placed in "Q Pod" which is operated by both Defendants, under the supervision of Mr. Quiros, the third named Defendant, and said block clearly functions as an off the books Administrative Segregation Restrictive Housing Unit which is unregulated and is a form of an unsanctioned Administrative Segregation Unit.

7.

23. Once placed in "Q Pod", all the Plaintiffs have brought to the attention via the grievance process that there is a clear discrepancy between the sanctions permissible under the inmate handbook and those permissible under the DOC directives.

24. All inmates have exhausted the grievance process regarding this issue, and the Defendants have ignored that process to state that the Plaintiffs grievances are "compromised" and that the error will be corrected in the future in full disregard of the Constitutional rights of the Plaintiffs; these defendants have been alerted to these issues and have ignored them and in fact authorized others to continue the operation of "Q Pod" never the less.

25. All the Plaintiffs placed in "Q Pod" have been kept there for periods up to and over one year, and when the sanction(s) was or were finished, kept there as further punishment without notice and a right to be heard in derogation of Plaintiff's constitutional rights; Said holding over was done intentionally, or recklessly, to further punish the Plaintiffs who should not have been placed in "Q Pod" to begin with; further, said conditions amounted to atypical hardships; this was done with full sanctioning of the three defendants named.

26. Further, once the Plaintiffs were placed in "Q Pod", they would have to get through the arbitrary and capricious operation of that unit, held over in there for no reason, and then sent to "N Pod", which is an orientation unit that all inmates have had to already endure in a further attempt to punish Plaintiffs with no well-thought out rationale regarding purpose or penal interests involved.

27. The Plaintiff Inmates were not properly monitored regarding time served in this segregation unit denying Plaintiffs their rights or liberty interests to be free from illegal punishments; the Defendants knew about this procedure of holding inmates over without any coherent policy for properly monitoring this discipline and allowing the same to be in full force and effect.

28. The Plaintiffs were denied access to the library, or allowed severely limited access

8.

thereto, and also severely limited in their use of a typewriter, in violation of their rights of access to the Courts or their rights to access the Administration with their grievances through the state inmate grievance procedure.

29. The Plaintiffs were placed in this Administrative Segregation Unit without notice and a hearing or appeal rights offered at other institutions, including but not limited to the Northern Supermax facility, causing atypical hardships and significant deprivations to the inmates with the approval of all named Defendants.

30. Plaintiffs were denied their rights to: be free from isolation; attend organized and meaningful activities; social and recreational activities; right to job assignments; vocational training; classroom instruction; court-ordered drug and alcohol counseling; group meals; exercise; access to the library and the law library; access to a typewriter; access to meaningful medical care and treatment; access to unit television; access to use of the toilet facilities; access to religious services; and access to recreation; this was done with full knowledge and approval of all defendants in order to humiliate and harass and deprive Plaintiffs of their clearly defined constitutional rights.

31. The Defendants, as Correctional Officials for the State of Connecticut, by creating this "Q Pod" or ticket block, and sanctioning its operation, have denied the Plaintiffs their access to the Courts, by interfering with their use of the library and typewriter, and have denied the Plaintiffs their access to religious services, and free exercise of religion, all in violation of the Plaintiffs first and fourteenth amendment rights to the United States Constitution, and 42 USC Sections 1983 and 1988.

32. At all times mentioned herein, the Defendants were acting, individually, and or in concert, and under color of law and under color of their authority as Correctional Officials of the State of Connecticut to deny the Plaintiffs' their First and Fourteenth Amendment rights and 42 USC

9.

Sections 1983 and 1988.

33. The Plaintiffs seek monetary damages against the Defendants in their Personal Capacities and Injunctive Relief against the Defendants in their Official Capacities; Plaintiffs seek an order of the Court prohibiting further use and abuse of Q Pod by the State Department of Correction; hence, Defendants are sued in their official capacities for this purpose.

E. SECOND CAUSE OF ACTION: 42 U.S.C. SECTIONS 1983, 1988 AND THE FOURTH AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION

34. Allegations one through thirty of the first cause of action are re-alleged and made allegation 34 of this allegation in the second cause of action.

35. Plaintiffs allege that their right to be free from unwarranted and illegal segregation has been violated by the Defendants' creation of "Q Pod" which violates Directive 9.5 of the DOC's own policy and procedure.

36. Although the Plaintiffs have been duly convicted in a court of law, and are now serving their sentences, they have a constitutional right to be free from more severe penalties being placed upon them by the Defendants in an illegal fashion as done here.

37. Plaintiffs allege that their rights to be free from unlawful segregation has been violated, which includes a right to be safe and secure from unwarranted governmental intrusion into their lives and right to be free from conditions amounting to severe hardship like placing a timer on the Plaintiffs right to use the bathroom and forcing them to smell feces and to be forced to eat their food under these circumstances in an inhumane and unsanitary way.

38. Plaintiffs allege that these Defendants have continuously acted under color of law and under color of their authority as Correctional Officials of the State of Connecticut.

10.

39. Plaintiffs allege that these violations were/are intentional on behalf of the Defendants, done to mock, intimidate, and unduly restrict the Plaintiffs, in an effort to violate their Fourth and Fourteenth Amendment rights, and 42 USC Sections 1983 and 1988.

40. Plaintiffs seek damages against said Defendants in their Individual Capacities and Injunctive Relief against said Defendants in their Official Capacities.

F. THIRD CAUSE OF ACTION: 42 U.S.C. SECTIONS 1983, 1988 AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

41. Allegations one through thirty of the first cause of action are re-alleged and made allegation forty-one of this third cause of action.

42. Pursuant to the Prisoner Reform Legislation passed by Congress, and incorporated in the State of Connecticut by the Office of the Attorney General, the Connecticut Department of Correction has implemented an inmate grievance procedure to aid inmates in the timely disposition of their grievances with an aim at lessening the burden on both the state and federal courts.

43. All Plaintiffs have filed grievances regarding the illegal operation of "Q Pod" or "ticket block" as an unauthorized use of administrative segregation or administrative segregation by these Defendants.

44. The Defendants have not properly administered the grievance process to allow the inmates the relief they are entitled to and legally deserve.

45. The Defendants have allowed the use of "Q Pod" or the "ticket block" as an illegal segregation unit despite its use violating the Department of Corrections own directives and the inmates' constitutional rights.

46. The Plaintiffs allege a property interest in the grievance process pursuant to the Prisoner Reform Legislation under the Fifth and Fourteenth Amendments to the Constitution.

11.

47. The Plaintiffs also allege that they have been denied their Fifth Amendment rights to use that grievance process in a meaningful way by the way the Defendants have ignored Plaintiffs' complaints, and failed to attend to them in a timely and legal manner as is required by law.

48. The Defendants have attempted to betray the grievance process and the Plaintiffs' rights by compromising the Plaintiffs' constitutional rights, without their consent and forcing a waiver of important constitutional rights on behalf of the inmates.

49. Said waiver of the Plaintiffs' constitutional rights, was never knowing and intelligently made by Plaintiffs, or procured in a legal way by said Defendants, but was done in a way to compromise clearly defined rights knowing of the harm it was meant to have on the inmate Plaintiffs; said actions by Defendants was a clear violation of the public trust.

50. At all times alleged herein, all Defendants were acting under color of law and under color of their authority as Correction Officials for the State of Connecticut.

51. Plaintiffs allege a violation of their Fifth and Fourteenth Amendment rights to the United States Constitution and 42 USC Sections 1983 and 1988.

52. Plaintiffs seek damages against the Defendants in their Individual Capacities, and Injunctive Relief against said Defendants in their Official Capacities.

G. <u>FOURTH CAUSE OF ACTION: 42 U.S.C. SECTION 1983, 1988 AND THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION</u>

53. Allegations one through thirty of the first cause of action are re-alleged and made allegation fifty-three of this fourth cause of action.

54. The Plaintiffs herein have been forced to undergo a segregation which violates the State of Connecticut Department of Correction's own Directives, and state and federal laws.

55. Plaintiffs have been forced to endure an illegal segregation without proper notice and right be heard and without any appeal rights whatsoever.

12.

56. Plaintiffs have been held in this "Q Pod" segregation for a year or longer without appeal rights, and without proper monitoring, and without due process of law.

57. Plaintiffs have been exposed to greater isolation, and a lack of any meaningful activities.

58. Plaintiffs have been exposed to lack of social and recreational activities and lack of job assignments and undue loneliness.

59. Plaintiffs have been exposed to a lack of vocational training and lack of education.

60. Plaintiffs have been exposed to a lack of court-ordered drug program and alcohol counseling at the whim of the Defendants named.

61.. Plaintiffs have been exposed to a lack of group meals, and lack of group exercises.

62. Plaintiffs have been exposed to a lack of meaningful medical care and treatment.

63. Plaintiffs have been exposed to a lack of access to the toilets, by the Department placing timing devices on Plaintiffs use of the facilities in an effort to mock and dehumanize them.

64. Plaintiffs have been denied access to religious services.

65. Plaintiffs have been held over their required sanctions, and when defendants were asked about when the particular inmate would be released from "Q Pod" were often told to simply hit the officer, or any official and they would surely be removed; said monitoring of the time spent there by staff was arbitrary and capricious and therefore made the already mentioned violations much more egregious.

66. Plaintiffs allege that all actions of Defendants were intentional or reckless, and all actions were under color of law and under color of their authority as Correctional Officials of the State of Connecticut.

67. Plaintiffs allege a violation of the Eighth and Fourteenth Amendments to the United States Constitution, and 42 USC Sections 1983 and 1988.

68. Plaintiffs seek damages against the Defendants in their Individual Capacities and Injunctive

13.

Relief against them in their Official Capacities.

H. <u>FIFTH CAUSE OF ACTION: 42 U.S.C. SECTION 1983, 1988, AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION</u>

69. Allegations one through thirty of the first cause of action are re-alleged and made allegation sixty-nine of this fifth cause of action.

70. The Plaintiffs are entitled to notice and a right to be heard prior to implementation of disciplinary action.

71. Plaintiffs are given notice pursuant to the Code of Penal Discipline, directive 9.5, that an inmate can only be placed in CTQ (Confinement to Quarters) for a maximum of fifteen days, and or consecutively for fifteen calender days.

72. The inmate handbook at MacDougal Correctional Institution states that confinement to quarters is a type of reclassification mandating placement in "Q Pod" or "ticket block" for 90 days for a class A ticket and for 60 days for a class B ticket; the inmate handbook also states that an inmate can be kept in "Q Pod" or "ticket block" subject to bed availability as long as the administration desires.

73. Plaintiffs allege that they all have challenged these discrepancies, and have received inadequate due process or no due process at all.

74. Plaintiffs allege these discrepancies amount to improper notice, or no notice at all.

75. Plaintiffs allege they have exhausted the grievance process, which amounts to no due process at all.

76. The Defendants answered all of Plaintiffs grievances by saying their concerns are compromised, and will be addressed in the near future; to date, said concerns have not been addressed.

77. The Defendants have done nothing to rectify the Plaintiffs' inadequate notice and proper

14.

rights to be heard; They have not remedied Plaintiffs violations.

78. The Defendants have continued to operate an off the books or illegal segregation or administrative detention unit without complying with the due process protections of the Plaintiffs under the Fourteenth Amendment to the United States Constitution.

79. The Defendants have made a mockery of the grievance process, denying the Plaintiffs their due process rights under the Fourteenth Amendment and any remedy they might be entitled to including relief from these atypical and significant hardships immediately.

80. At all times, these Defendants have been acting under color of law and under color of their authority as Correctional Officials for the state of Connecticut.

81. Plaintiffs seek an order directing training in the due process rights of Plaintiffs and a further order directing the Defendants to correct all directives included herein giving Plaintiffs improper notice, improper right to be heard, and improper relief once they illustrate a violation of their rights.

I. <u>SIXTH CAUSE OF ACTION OR PENDENT STATE LAW CLAIMS UNDER 42 USC SECTIONS 1983, 1988 AND ARTICLE ONE, SECTIONS THREE, FIVE, SEVEN, TEN FOURTEEN, AND TWENTY OF THE STATE OF CONNECTICUT CONSTITUTIONAL AND ANY OTHER STATE LAW CLAIMS PURSUANT TO CONNECTICUT GENERAL STATUTES</u>

82. Allegations one through seventy-seven of the prior count are re-alleged and made allegation eighty-two of this sixth count.

83. Plaintiffs allege that the Defendants created and operated an unlawful and illegal segregation, administrative segregation "ticket block" or unit specific to the MacDougal Correctional Institution.

84. Plaintiffs allege that no other facility in Connecticut operates another segregation unit like this.

85. Plaintiffs allege that this "Q Pod" or "ticket block" unit is in reality the same thing as an

15.

Administrative Detention or Segregation Unit being operated without the legal precautions used for Administrative Segregation elsewhere.

86. Plaintiffs also allege said creation and operation of "Q Pod" or "ticket block" is punitive and done without the proper constitutional guarantees causing atypical and significant hardship on all Plaintiffs.

87. Plaintiffs allege that they have utilized the grievance procedure to the maximum with no relief in sight completely exhausting their grievance processes.

88. Plaintiffs allege that the use of "Q pod" or "ticket block" is a direct violation of the Connecticut Constitution which prohibits unlawful segregation pursuant to Article One, Section Twenty. These Plaintiffs are being illegally segregated in violation of the state of Connecticut Constitution.

89. Plaintiffs allege a further violations of the Connecticut Constitution, Article One, Sections, three, five, seven, ten, fourteen and twenty.

90. Plaintiffs further allege that said continuous operation of "Q Pod" or "ticket block" places a significant risk that Plaintiffs will be subjected to continuous and or future violations of their constitutional rights and are thus subject to repetitious violations.

91. Plaintiffs also allege that none of the showers or cells they are forced to be housed in are handicapped accessible and a further violation of C.G.S. Sections 52-571(b) and 52-572h(2).

92. Plaintiffs allege that the Defendants were and are acting under color of law, and under color of their authority as Correctional Officials for the state of Connecticut at all times mentioned herein.

93. Plaintiffs seek damages against said Defendants in their Individual Capacities, and Equitable Relief against them in their Official Capacities.

16.

A JURY TRIAL IS DEMANDED

THE PLAINTIFFS,

BY   /S/FRANK P. CANNATELLI 08/10/2017
      FRANK P. CANNATELLI
      CT-04394
      8 RESEARCH PARKWAY
      WALLINGFORD, CONN. 06492
      PHONE: (203) 949-1650
      FAX: (203) 949-1660

17.

## PRAYER FOR RELIEF

THE PLAINTIFFS HEREIN HUMBLY REQUEST THE FOLLOWING:

1. That the Court assume jurisdiction over this matter.

2. That the Court award damages against the Defendants in their individual capacities pursuant to 42 U.S.C. Section 1983.

3. That the Court award Punitive Damages against the Defendants in their individual capacities pursuant to 42 U.S.C. Section 1983.

4. That the Court award costs against the Defendants in both capacities pursuant to 42 U.S.C. Section 1983.

5. That the Court award any and all other relief, including any temporary and or permanent relief or injunction, of a legal and equitable nature, as the Court deems appropriate, including attorney fees pursuant to 42 U.S.C. Sections 1983 and 1988.

6. That this Court order the Defendants to close the illegal segregation unit discussed in this case.

7. That the Court order training for staff regarding the legal use of the inmate grievance procedure.

THE PLAINTIFFS,

BY: S/S FRANK P. CANNATELLI   08/10/2017
FRANK P. CANNATELLI
8 RESEARCH PARKWAY
WALLINGFORD, CONN. 06492
PHONE: (203) 949-1650
FAX: (203) 949-1660
FED. BAR # 04394

18.

## CERTIFICATION

This is to certify that on this date, August, 10th, 2017, that a copy of this amended complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notices of this filing will be sent by email to all parties by operation of the Court's electronic filing system and by mail to anyone and or any parties that are unable to access electronic filings. Parties may access this filing at any time through the Court's electronic filing system.



/S/ FRANK P CANNATELLI